Abchibald C. Wemple, J.
The defendant herein was charged by the Grand Jury of the County of Schenectady with grand larceny in the second degree and accused of having taken on February 9, 1960 a 1955 Chevrolet sedan and having used and operated same without the consent of the owner in violation of section 1293-a of the Penal Law of the State of New York. It appears that neither the Grand Jury nor the District Attorney recommended investigation to determine the defendant’s eligibility to be adjudged a youthful offender. However, upon request such an investigation was made by order of the court. After his determination of eligibility, the defendant was arraigned as a youthful offender on April 25,1960 and he then entered a plea of not guilty.
Although the indictment has been sealed as required by law following the determination of the defendant’s eligibility to be adjudged a youthful offender, the anomaly of the law is that pursuant to sections 913-h and 913-j of the Code of Criminal Procedure the defendant is tried on the question of whether “he committed the acts charged against him in the indictment. ’ ’ In the instant case, the simple basic questions are then, “Did the defendant commit a larceny of the car as charged in the indict *8 ment ? Was Ms use of the ear under all the circumstances a violation of section 1293-a of the Penal Law?”
The facts brought out in the testimony clearly showed that the defendant did use a car belonging to one Le Roy Bell on February 9,1960. Indeed the facts show he took the car for his personal pleasure from the Mt. Pleasant High School and operated it without an operator’s license. For this he was found guilty by the Justice’s Court in the Town of Duanesburg and fined. But the question persists — was his use of the vehicle without permission of the owner to the extent of being larcenous ?
The absentee owner of the car testified he loaned the car to his sister, one Gloria Bell, who drove the car to school on the morning of February 9. Miss Bell testified that she had never given' permission to the defendant nor anyone else to operate her brother’s car. She did admit conversations with the defendant about “ her ” car; that he the defendant “ liked ’’her car and that after, his arrest she phoned the defendant to discuss with him the “ trouble ” he was in. Although the defendant admitted he had no permission to use the car on February 9,1960, he testified that sometime between February 4 and February 6, 1960, Gloria Bell had given him permission to use “ her ” car. Defendant’s testimony on the point of permission was corroborated by a classmate, George Aggen, who testified that Gloria had told the defendant ‘‘ he could use the car anytime he wanted as long as he left enough gas in it for her to get home.”
It appears that the owner, Le Roy Bell entrusted the ear to his sister and that she used it on many occasions going to and from high school. Parenthetically, it might be observed that this use of a car by a teenager was unnecessary, unadvisable and the ‘direct cause of the legal difficulties in which the defendant projected himself. It would seem that the use of cars by high school students should be carefully scrutinized and controlled either by parents or school authorities.
True, the defendant used the car without specific permission of the registered owner unless the actions and words of the sister who had charge of the car could be interpreted as granting such permission by implication. A review of the testimony leads this court to conclude that the defendant should be given the benefit of the reasonable doubt to be inferred from the testimony of Gloria Bell, the defendant, and George Aggen. When this testimony is analyzed one can only reach the conclusion that the defendant “ borrowed ” and did not use the car in question without the permission of the owner as set forth in section 1293-a of the Penal Law. In essence, this is a trial on a youthful offender charge and is a criminal trial and the defendant is entitled to *9 benefit of any reasonable doubt arising from the testimony. There is a reasonable doubt in the mind of the trier of the facts herein and this doubt is resolved in favor of the defendant.
The charge against the defendant of youthful offender is dismissed and the bail of the defendant is exonerated.